UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SONJA V. CANNON                                                                                    PLAINTIFF

VS.                                                                   CIVIL ACTION NO. 3:11cv428-DPJ-FKB

MISSISSIPPI DEPARTMENT OF
EMPLOYMENT SECURITY AND
SANDERSON FARMS, INC.                                                                           DEFENDANTS

**ORDER**

This employment dispute is before the Court on Defendant Mississippi Department of Employment Security's (MDES) motion to dismiss [18] and Defendant Sanderson Farms, Inc.'s (Sanderson) motion to dismiss, or, in the alternative for summary judgment [20].  The Court, having fully considered Defendants' submissions and applicable law, finds that both MDES's and Sanderson's motions should be granted.

I.       Facts/Procedural History

Plaintiff Sonja V. Cannon claims Sanderson wrongfully terminated her employment in violation of her due process rights under both the Mississippi Constitution and the United States Constitution.  Cannon, who is proceeding *pro se*, avers that Defendants conspired to discriminate against her; made her miss three days of work, resulting in an automatic firing; and failed to provide notice of her termination.[1]  Though Cannon's allegations are vague and ambiguous, Defendants, in their respective motions, have anticipated claims of employment discrimination under Title VII, constitutional violations under § 1983, and state-law tort claims.  To date,

---

[1] These allegations are gleaned from Cannon's Complaint [1] and a second filing [5], which the Court construes as an Amended Complaint.  In separate state-court proceedings, the Mississippi Court of Appeals on May 15, 2012, affirmed MDES's decision to deny Cannon her unemployment benefits.  *Cannon v. Miss. Dep't of Emp't Sec.*, 88 So. 3d 809 (Miss. Ct. App. 2012).

Cannon has not responded to either motion, and the time to do so has now passed.  The court has personal jurisdiction over the parties, federal-question jurisdiction for all federal claims, and exercises supplemental jurisdiction over the state-law claims.

II.     Standard

MDES moved to dismiss Cannon's claims, and Sanderson moved to dismiss, or alternatively, for summary judgment pursuant to Rule 56.  Many of Cannon's claims are due to be dismissed based on a Rule 12(b)(6) standard because she fails to state a claim upon which relief can be granted.  But where the Court considered evidence outside the pleadings, it applied Rule 56.

    A.     Motion to Dismiss Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

B.  Summary Judgment Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*,

530 U.S. 133, 150 (2000).

In this case, Plaintiff filed no response, but that alone will not justify granting Defendant's motion.  *See* Uniform Local Rule 7(b)(3)(e) (dispositive motions may not be granted as unopposed).  As explained by the Fifth Circuit, district courts must first consider the record.

> [I]f the moving party fails to establish by its summary judgment evidence that it is entitled to judgment as a matter of law, summary judgment must be denied--even if the non-movant has not responded to the motion.  But where the movant's summary judgment evidence does establish its right to judgment as a matter of law, the district court is entitled to grant summary judgment, absent unusual circumstances.

*McDaniel v. Sw. Bell Tel.*, 979 F.2d 1534, 1992 WL 352617, at *1 (5th Cir. 1992) (unpublished table decision) (citations omitted) (affirming summary judgment where counsel failed to file timely response).

In other words, the Court cannot grant a summary judgment motion for the mere lack of response, but if the record establishes that the movant met its burden under Rule 56(a), then the absence of responsive affidavits or other record evidence creating a genuine issue for trial will justify an order granting the motion.  *Id.*; *see also Sanders v. Bell Helicopter Textron Inc.*, 199 F. App'x 309, 310 (5th Cir. 2006) (holding that record supported summary judgment where non-movant failed to respond); *Stewart v. City of Bryan Public Works*, 121 F. App'x 40, 42 (5th Cir. 2005) (same); *Ahart v. Vickery*, 117 F. App'x 344, 344 (5th Cir. 2004) (same).

III.     Analysis

    A.     Title VII as to Sanderson

Title VII requires exhaustion of administrative remedies.  A plaintiff complaining of employment discrimination must first file a charge of discrimination with the Equal Employment

Opportunity Commission (EEOC) within 180 days of the allegedly unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). The EEOC will then issue a notice of right to sue, and a plaintiff must file suit within ninety days of receiving the notice. *Id.* § 2000e-5(f)(1).

In the instant case, the EEOC issued Cannon a right-to-sue letter on December 7, 2010. Compl. [1], Ex. 3 at 11. On that date, the ninety-day period began to run. Cannon did not file the instant lawsuit until July 15, 2011. The Fifth Circuit has concluded that when the receipt date is unknown, a court should presume that the plaintiff received a right-to-sue letter three to seven days after it was mailed. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Even with the most liberal construction of that precedent, Cannon's deadline for filing this lawsuit expired on or about March 14, 2011. Cannon filed this action on July 15, 2011. Cannon has not responded with any countervailing evidence. Because more than 90 days had passed since she received her right-to-sue letter, Cannon's Complaint was not timely filed, and her Title VII discrimination claims are due to be dismissed.

B.     Section 1983 as to Sanderson and MDES

Defendants also seek dismissal of any § 1983 claims Cannon may have asserted. Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are

considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70.  MDES is considered an arm of the State of Mississippi.  *See* Miss. Code Ann. § 71-5-101.

Additionally, to the extent Cannon intended to raise any § 1983 claims against Sanderson, those claims also fail. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Cannon claims that as a result of her termination, Sanderson deprived her of her due process rights under both the Mississippi Constitution and the United States Constitution.  Even assuming that Cannon's factual allegations were correct, Sanderson did not act under color of law and because it is not a state actor, it could not have violated Cannon's constitutional rights.  Therefore, the § 1983 claim is dismissed.

      C.      State-Law Claims

Finally, MDES seeks dismissal of Cannon's state-law tort claims for monetary relief under the Mississippi Tort Claims Act (MTCA).  Under the MTCA, claimants must provide notice of any claims to the chief executive officer of the relevant governmental entity at least 90 days before bringing an action in court. Miss. Code Ann. § 11-46-11(1).  There is no indication from the Complaint that notice was given, and Cannon has not rebutted the defense.  The state-law claims against MDES are therefore dismissed.

Further, Cannon asserted that Sanderson wrongfully terminated her.  Cannon was an at-will employee while employed at Sanderson, and as such, had no right to continued employment nor an entitlement to notice before being terminated.  Sanderson Mot. [20], Ex. A, Buster

6

Aff. ¶ 5. Under Mississippi law, an employer may terminate the employment of an at-will employee for a good reason, a bad reason, or no reason at all. *Perry v. Sears, Roebuck & Co.*, 508 So. 2d 1086, 1088 (Miss. 1987). While narrow exceptions exist, Cannon has not demonstrated their application. Furthermore, Cannon has neither alleged nor demonstrated the existence of an employment contract that would override her status as an at-will employee. Accordingly, Cannon has no legally cognizable basis for recovery against Sanderson on grounds of wrongful termination.

III.     Conclusion

The Court has considered all arguments raised in the parties' submissions.[2] For the reasons stated, the Court finds that Cannon has failed to state a claim upon which relief can be granted and Defendants' motions are granted.

**SO ORDERED AND ADJUDGED** this the 6th day of July, 2012.

s/ *Daniel P. Jordan III*<br/>UNITED STATES DISTRICT JUDGE

---

[2] MDES also argues that dismissal is appropriate based on sovereign immunity. The Fifth Circuit has held that "[t]he Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department." *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-186 (5th Cir. 1986). Thus, the Eleventh Amendment provides alternative grounds for dismissal of the § 1983 and state-law claims as to MDES. *See Kentucky v. Graham*, 473 U.S. 159, 160 (1985) ("Absent waiver by a State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."); *Hopkins v. Mississippi*, 643 F. Supp. 2d 709, 712 (S.D. Miss. 2009) (holding that Eleventh Amendment barred § 1983 and MTCA claims); *but see Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) ("Sovereign immunity does not bar [the plaintiff's] Title VII claims, as we have long recognized that Congress has clearly abrogated the states' Eleventh Amendment immunity in enacting Title VII.").